UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD J. HALYE,                  :     CIVIL ACTION NO. 3:CV-13-1194
                                 :
            Petitioner           :     (Judge Nealon)
                                 :
    v.                           :
                                 :            **FILED**
                                 :           **SCRANTON**
                                 :
COMMONWEALTH OF                  :            FEB  4 2014
PENNSYLVANIA, et al.,            :
                                 :     PER _____
            Respondents          :          DEPUTY CLERK

## **MEMORANDUM**

Petitioner, Edward J. Halye, an inmate confined in the State Correctional

Institution, Somerset, Pennsylvania, filed the instant petition for writ of habeas

corpus pursuant to 28 U.S.C. §2254.  He attacks a conviction imposed by the

Court of Common Pleas for Luzerne County, Pennsylvania. (Doc. 1).  Following

careful consideration of the parties' submissions, and for the reasons discussed

below, the petition will be dismissed as untimely.  See 28 U.S.C. §2244(d).

## I.   **Background**

The following background has been extracted from the Pennsylvania

Superior Court's May 2, 2012 Memorandum Opinion, affirming the state court's

denial of Halye's petition under Pennsylvania's Post Conviction Relief Act, 42

Pa.C.S.A. §§ 9541, et seq. ("PCRA").  (Doc. 1, Memorandum Opinion dated May

2, 2012).

On January 21, 1997, Appellant was convicted by a jury of two counts each of involuntary deviate sexual intercourse and indecent assault and one count each of corruption of minors and endangering the welfare of children. The court classified him as a sexually violent predator and sentenced him to an aggregate term of incarceration of no less than 138 months to life.

Appellant filed a direct appeal and this Court reversed in part, vacated in part, and remanded for re-sentencing. (See Commonwealth v. Halye, 719 A.2d 763, 765, 769 (Pa. Super. 1998) (en banc). Our Supreme Court denied the Commonwealth's petition for allowance of appeal on September 9, 1999, and the United States Supreme Court denied its petition for writ of certiorari on March 6, 2000. (See Commonwealth v. Halye, 743 A.2d 916 (Pa. 1999), cert denied, 529 U.S. 1012 (2000)). On May 3, 2000, Appellant was re-sentenced to an aggregate term of incarceration of no less than eleven nor more than thirty years. Appellant did not file post-sentence motions or a direct appeal.

On November 7, 2003, Appellant filed what the PCRA court treated as his first petition.[1] The court appointed counsel and, on September 13, 2004, held an evidentiary hearing. The court denied Appellant's petition on October 28, 2004 on substantive grounds. Nearly six

---

1. It appears that Appellant filed three pro se petitions prior to this time. However, because he was represented by the Luzerne County public defender's office, the clerk of court forwarded the petitions to that office for review without filing them and no further action was taken on them. (See PCRA Court Opinion, 1/03/12, at 2). Accordingly, Appellant's "fourth" petition was the first one reviewed by the PCRA court, and the court treated the petition as a timely first petition, finding that "justice dictates that [Appellant] receive the benefit of counsel." (PCRA Court Opinion, 10/27/04, at 3).

years later, on May 26, 2010,[2] Appellant appealed to this Court.  On
August 28, 2010, this Court quashed Appellant's appeal as untimely.
(See Commonwealth v. Halye, 1219 MDA 2010 (Per Curiam Order,
8/19/10)).  On March 8, 2011, our Supreme Court denied Appellant's
petition for allowance of appeal.  (See Commonwealth v. Halye, 2011
Pa. Lexis 563 (Pa. 2011)(Pennsylvania Supreme Court Order,
3/08/11)).

On April 12, 2011, Appellant filed his pro se second PCRA petition,
asserting general allegations of ineffectiveness of counsel and that the
PCRA court "deprived [him] of [his] constitutional rights to []
appeal." (PCRA Petition, 4/12/11, at 3).  On July 27, 2011, the
PCRA court issued a Pennsylvania Rule of Criminal Procedure
907(1) notice of its intent to dismiss the petition without a hearing.
Appellant filed a response, and, on October 19, 2011, the PCRA court
dismissed Appellant's petition as untimely.  This timely pro se appeal
followed.

Appellant raises four questions for our review:

1.  Was [Appellant]'s Post Conviction Collateral Relief Motion
timely filed?

2.  Was [Appellant]'s previous Post Conviction Collateral Relief
Motion fair and impartial?

3.  Was [Appellant] deprived of his Constitutional [r]ights to effective
assistance of counsel?

---

2.  Although this notice of appeal was time-stamped and docketed by the PCRA
court on June 8, 2010 "pursuant to the prisoner mailbox rule, Appellant's pro se
[notice of appeal] is deemed to be filed when it was handed to prison officials. . .
." Commonwealth v. Ousley, 21 A.3d 1238, 1241 n.1 (Pa. Super. 2011), appeal
denied, 30 A.3d 487 (Pa. 2011).  Accordingly, because more precision is not
required under the circumstances presented here, we will use the date the notice
was signed by Appellant.

4. Was [Appellant] deprived of his Constitutional [r]ight to appeal his legal case to the Superior Court do/to [sic] [g]overnmental interference?

(Doc. 1, pp. 22-25, Memorandum Opinion dated May 2, 2012). By Memorandum

Opinion dated May 2, 2012, the Pennsylvania Superior Court affirmed the PCRA

court's order denying Halye's second PCRA petition. Id.

On May 2, 2013, Halye filed the instant petition for writ of habeas corpus.

(Doc. 1, petition). He once again challenges his 1997 conviction. Specifically,

Halye raises the following four grounds for relief: (1) insufficient evidence to

sustain the verdict of guilt on all charges; (2) ineffective assistance of counsel; (3)

governmental interference with his PCRA petition; and (4) that the state court

incorrectly denied Halye's third PCRA petition. Id.

By Order dated October 18, 2013, this Court raised, sua sponte, the statute

of limitations bar, and directed the parties to address the timeliness of the instant

petition. See (Doc. 9, Order).

On November 5, 2013, Respondents filed an answer to the petition, arguing

that the statute of limitations bars the petition. (Doc.11, response). Petitioner filed

a traverse on November 22, 2013. (Doc. 12, traverse).

II.   **Discussion**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §

4

2254 must adhere to a statute of limitations that provides, in relevant part, as

follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .

> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2) (emphasis added); see generally, Jones v. Morton, 195

F.3d. 153, 157 (3d Cir. 1999).  Thus, under the plain terms of section

2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run

when direct review processes are concluded.  See Harris v. Hutchinson, 209 F.3d

325, 327 (4th Cir. 2000) ("[T]he AEDPA provides that upon conclusion of direct

review of a judgment of conviction, the one year period within which to file a

federal habeas corpus petition commences, but the running of the period is

suspended for the period when state post-conviction proceedings are pending in

any state court."); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998) (per

curiam); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998).  It is not the

conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, 2001 WL 278259, *2 (E.D. Mich. 2001) ("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under section 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, 2001 WL 387516, *2 (3d Cir. 2001). Likewise, the statute of limitations is not tolled under section 2244(d)(2) for the time during

6

which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit Court of Appeals has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

Petitioner in the instant matter was resentenced on May 3, 2000. Because he failed to file a direct appeal, his judgment of sentence became final on June 2, 2000, at the expiration of the thirty-day period to file a direct appeal to the Pennsylvania Superior Court . See 42 Pa.C.S.A. § 9545(b)(3); PA. R. APP. P. 903; PA. R. CRIM. P. 720(a)(3). Accordingly, the clock for filing a section 2254 petition began on June 2, 2000 and Petitioner had until June 2, 2001, to file a timely habeas corpus petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

As noted above, the one-year statute of limitations is tolled during the time Petitioner had a properly filed PCRA petition pending in state courts. The

7

Pennsylvania Superior Court's May 2, 2012 Memorandum Opinion notes that, after filing three PCRA petitions, without any action taken on them, Petitioner's "fourth" petition, filed on November 7, 2003[3], was the first one reviewed by the PCRA court, and the court treated the petition as a **timely first petition**, finding that "justice dictates that [Appellant] receive the benefit of counsel." (Doc. 1, Superior Court Opinion at 2, n.2) (emphasis added). Thus, pursuant to 28 U.S.C. § 2244(d)(2), Halye's PCRA petition, filed on November 7, 2003, statutorily tolled the AEDPA's filing period. See Harris, 209 F.3d at 328. Halye's PCRA petition was denied on October 28, 2004. Because Halye did not file an appeal from the denial of his PCRA petition, the statutory period began to run again at the expiration of the thirty-day time period Halye had to file an appeal to the Pennsylvania Superior Court. Thus, the statutory period started to run again on November 27, 2004. Consequently, Petitioner was required to file his habeas corpus petition approximately, on or before December 27, 2004. The instant petition was not filed until May 2, 2013, almost nine years after the limitations

---

3. Petitioner states that he "did not receive a response from my PCRA filed in 2000" and that he "re-filed a PCRA motion on Nov, 7th, 2003, hoping the court would except the motion as an extension of a timely filed first PCRA that was abandoned." (Doc. 1, petition).

period expired.[4]

Moreover, although the AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule, and a habeas petition should not be dismissed as untimely filed if there exists an equitable basis for tolling the limitations period, Petitioner presents absolutely no evidence to account for the delay in filing the instant federal petition for writ of habeas corpus. As such, equitable tolling is inapplicable in this matter. The petition will be dismissed.

## III.   Certificate of Appealability.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred and neither statutory nor equitable tolling apply to the petition.

---

4. Even if this Court were to run the statutory period from May 26, 2010, the date of Petitioner's untimely appeal of the PCRA Court's October 28, 2004 Order, to the Pennsylvania Superior Court, he would have been required to file his federal habeas corpus petition on or before May 26, 2011.

## IV.   **Conclusion**

In light of the foregoing, the petition for writ of habeas corpus will be

denied and the case will be closed.  An appropriate order will be issued.

Dated: February 4, 2014

_____

**United States District Judge**